1  KAEMPFER CROWELL
   Robert McCoy, No. 9121
2  Sihomara L. Graves, No. 13239
   1980 Festival Plaza Drive, Suite 650
3  Las Vegas, Nevada 89135
   Telephone:  (702) 792-7000
4  Facsimile:  (702) 796-7181
   Email: rmccoy@kcnvlaw.com
5  Email: sgraves@kcnvlaw.com

6  VENABLE LLP
   Dino S. Sangiamo *(pro hac vice)*
7  750 East Pratt Street, Suite 900
   Baltimore, Maryland 21202
8  Telephone:  (410) 244-7679
   Facsimile:  (410) 244-7742
9  Email: dssangiamo@venable.com

10 Attorneys for Defendants Merck Sharp
   & Dohme Corp. and Merck & Co., Inc.

11

12            UNITED STATES DISTRICT COURT

13               DISTRICT OF NEVADA

14 | CANDY MILLER, an individual, | Case No.  2:22-cv-00309-RFB-BNW |
15 | Plaintiff, | |
16 | vs. | **STIPULATED DISCOVERY PLAN AND STAY PENDING DECISION ON MOTION TO DISMISS** |
17 | MERCK SHARP & DOHME CORP., a New Jersey Corporation; MERCK & CO., INC., a New Jersey Corporation; and DOES 1 through 100, inclusive, | **SPECIAL SCHEDULING REVIEW REQUESTED** |
18 | | |
19 | Defendants. | |
20 | | |

21       Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(a), Plaintiff Candy

22 Miller and Defendants Merck & Co., Inc. and Merck Sharp & Dome Corp.

23 ("Merck") submit the following Stipulated Discovery Plan and Proposed

24 Scheduling Order.

## I.     MEETING

The parties' counsel held a telephonic Fed. R. Civ. P. 26(f) conference on April 25, 2022.

## II.    AGREEMENT TO STAY DISCOVERY PENDING DECISION ON MOTION TO DISMISS

Merck has filed a motion to dismiss all claims in this case on the basis of, among other things, statute of limitations.  ECF No. 14.  The motion is fully briefed and awaiting decision.  The parties stipulate that the commencement of discovery should be stayed until this motion to dismiss is decided because, if granted, it will resolve all claims in this case.  The parties agree Fed. R. Civ. P. 1's goal of a "just, speedy, and inexpensive determination of every action and proceeding" are best met by this temporary stay to conserve judicial and party resources.

## III.   DISCOVERY PLAN IF MOTION TO DISMISS IS DENIED

The parties jointly propose the following discovery plan to govern in the event that Merck's motion to stay is denied:

### A.     Initial Disclosures.

The parties propose to make their Fed. R. Civ. P. 26(a)(1) initial disclosures within 30 days after a decision on the motion to dismiss is decided.

### B.     Discovery Cut-Off Date.

The parties propose that the discovery period run for 12 months from the decision on Merck's motion to dismiss.   This exceeds the 180-day presumptive outside limit provided by LR 26-1(b)(1) for completing discovery for the reasons explained in Section IV below.

**C.      Amending the Pleadings and Adding Parties.**

The parties shall file any motions to amend the pleadings or to add parties no later than 90 days before the discovery cut-off.

**D.      Fed. R. Civ. P. 26(a) Disclosures (Experts).**

The parties propose that Fed. R. Civ. P. 26(a)(2) disclosures of experts and expert reports proceed, as it is permitted to proceed on order of the Court by LR 26-1(b)(3), as follows:

1.      Plaintiff shall disclose experts and expert reports 150 days before the discovery cut-off;

2.      Merck shall disclose experts and expert reports 120 days before the discovery cut-off;

3.      The parties shall have until 90 days before the discovery cut-off to complete any depositions of any initial experts;

4.      All parties shall disclose rebuttal experts and their reports 60 days before the discovery cut-off; and

5.      The parties shall have until the proposed discovery cut-off date to complete any depositions of rebuttal experts.

**E.      Dispositive Motions**

The parties shall have until 30 days after the discovery cut-off to file dispositive motions.

**F.      Pretrial Disclosures/Order**

The pretrial disclosures and order shall be filed no later than 30 days after the discovery motion deadline unless a dipositive motion is filed.

## IV.      JUSTIFICATION FOR LONGER DISCOVERY PERIOD

The parties believe the Court should permit a longer period for discovery than provided in LR 26-1(b)(1) due to the nature of this case and the

KAEMPFER
CROWELL

1  medical issues involved.  This, in turn, expands the scope of discovery that the

2  parties intend to seek.  The parties anticipate that extensive medical and scientific

3  discovery will be needed because this action involves complex claims of product

4  liability involving an FDA-approved vaccine manufactured by Merck.  Plaintiff

5  has alleged injuries requiring several periods of hospitalization and/or

6  rehabilitation.   Discovery will require gathering numerous medical records

7  concerning her medical condition as well as alleged damages.   This may

8  potentially involve large document productions, depositions of medical providers,

9  and experts in multiple disciplines (e.g., medical, regulatory, design, damages).

10        Furthermore, collection of medical records frequently leads to the

11  identification of additional relevant medical providers whose records must be

12  obtained in subsequent requests.  Each request, from sending the subpoena to

13  actually receiving the records, is likely to take 30 days or longer.  Merck will thus

14  need sufficient time to obtain, review, and analyze these records, and to take the

15  depositions of several witnesses, including plaintiff, her medical care providers,

16  and ultimately, plaintiff's expert witnesses, of which there may be several.

17  Plaintiff also anticipates the necessity of conducting discovery as to the product at

18  issue in the case, which will likely include document productions and depositions

19  of witnesses, including experts.

20        The parties submit that their proposed discovery plan is an efficient

21  and realistic schedule for completing the significant amount of discovery

22  contemplated in this case.

23

24



## V.     OTHER ISSUES

### A.     Protective Order.

The parties intend to seek a protective order under Fed. R. Civ. P 26(c) to facilitate document production and disclosure, while protecting the parties' respective interests in their confidential information.  The parties will submit a proposed protective order in a separate filing.

### B.     Alternative Dispute Resolution.

The parties have conferred about the possibility of using alternative dispute resolution processes.  The parties agree this issue is best addressed after some discovery has taken place.

### C.     Alternative Forms of Case Disposition.

The parties have considered trial by magistrate judge and the use of the short trial program.  The parties do not consent to either at this time.

### D.     Electronic Evidence.

The parties have considered the possibility of presenting evidence to the jury in electronic format.  In the event that any electronic evidence is submitted by either party, the parties understand that such evidence must be submitted in a format that is compatible with the Court's electronic jury evidence display system. The parties will consult the Court's website or contact the courtroom administrator for instructions about how to prepare evidence in a format that meets these requirements.

1

**E.     Court Conference.**

2

      The parties do not request a conference with the Court before entry of

3

the scheduling order.

4

WETHERALL GROUP, LTD.           KAEMPFER CROWELL

5

/s/ Peter C. Wetherall

6

Peter C. Wetherall, No. 4414         Robert McCoy, No. 9121
9345 West Sunset Road, Suite 100    Sihomara L. Graves, No. 13239

7

Las Vegas, Nevada 89148          1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

8

Attorney for Plaintiff Candy Miller

VENABLE LLP

9

Dino S. Sangiamo *(pro hac vice)*
750 East Pratt Street, Suite 900

10

Baltimore, Maryland 21202

11

Attorneys for Defendants Merck Sharp
& Dohme Corp. and Merck & Co., Inc.

12

13

**ORDER**

14

IT IS ORDERED that ECF No. 18 is GRANTED in part and
DENIED in part. It is granted to the extent that discovery will

15

be stayed pending a decision on ECF No. 14. It is denied
without prejudice in all other regards. IT IS FURTHER

16

ORDERED that the parties must file a proposed Discovery
Plan and Scheduling Order within 14 days after ECF No. 14

17

is decided.

18

**IT IS SO ORDERED**
**DATED:** 5:15 pm, April 28, 2022

19

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

20

21

22

23

24